IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. A-98-CR-247(1) JRN |
| | § | |
| LORENZO VARGAS | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE JAMES R. NOWLIN
     SENIOR UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. The Court conducted a hearing on January 8, 2013, and heard arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

I. PROCEDURAL BACKGROUND

On July 6, 1999, Lorenzo Vargas[1] was sentenced to 135 months of imprisonment, followed by five years of supervised release, after pleading guilty to three counts of an indictment charging conspiracy to possess with intent to distribute, and possession with intent to distribute, cocaine and marijuana, in violation of 21 U.S.C. §§ 841 and 846, and money laundering, in violation of 18 U.S.C. § 1956. The Defendant commenced his supervision on February 15, 2008. While he had several problems in the first two years of his supervision, all of those were addressed with

---

[1] In many of the pleadings in this case the Defendant is referred to as "Loranzo" Vargas. His correct name is "Lorenzo" Vargas, and he is referred to in that manner herein.

modifications, and no petitions to revoke supervised release were filed. Specifically, the Defendant was arrested for (and ultimately convicted of) DWI in September 2008, and again in June 2009. He was also convicted of public intoxication in October 2010, after an arrest in February 2010. To address these alcohol issues, the district judge modified that Defendant's conditions on several occasions, requiring things such as substance abuse treatment, electronic monitoring, and the installation of an interlock ignition system on his car. Between October 2010, and April 2012, the Defendant's adjustment to supervision improved, as he had no arrests, and no positive results for the use of alcohol or drugs. But beginning in May 2012, the Defendant stopped reporting as required, and changed his residence without notifying his probation officer. Then, on June 23, 2012, the Defendant was arrested when he was seen throwing what was later recovered and found to be methamphetamine from the passenger car window of a car he was traveling in. A Travis County Deputy had signaled the car to pull over, and instead the car fled for over 7 miles while several substances were thrown out of the car, apparently by the Defendant. He was charged in state court with, and now has been indicted for, a felony possession of a controlled substance offense, and a felony tampering with evidence offence.

      Based on the above, on September 25, 2012, the Probation Office submitted its petition alleging that the Defendant violated his conditions by committing a new state law criminal offense, by possessing a controlled substance, by failing to report from May through December 2012, and by failing to report his change in residence and his arrest in June 2012. The undersigned authorized the issuance of a warrant on October 2, 2012. The Defendant was arrested on that warrant on December 28, 2012. On January 8, 2012, the Defendant and his attorney appeared before the undersigned Magistrate Judge for a hearing on the Petition. On the same date, the Defendant and his attorney

signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), this Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "True" to the allegations of petition, with the exception that he declined to make a plea of true to the violation stemming from the pending state criminal charge.

## II. FINDINGS OF THE COURT

1. The Defendant was competent to stand trial on the charges against him, and had both a factual as well as a rational understanding of the proceedings against him.

2. The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charge against him or the consequences of his plea.

3. The Defendant received a copy of the Petition naming him, and he read it.

4. The Defendant understood the Petition and the charges against him and had the opportunity to discuss the Petition and charges with his attorney.

5. The Defendant waived his preliminary hearing.

6. The Defendant voluntarily gave consent to allocute before a U.S. Magistrate Judge.

7. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

8. The Government gave a summary of the evidence against the Defendant.

9. The plea of true was freely, intelligently, and voluntarily made by the Defendant.

10. The Defendant understood all of his statutory and constitutional rights.

11. The Defendant violated conditions of his supervised release by absconding from supervision, failing to report to his probation officer his arrest, and his change in residence. Further, although the Court makes no finding of a violation based on the possession of a controlled substance,

the Court has taken those events into account in making its recommendation, with the Defendant's consent stated on the record at the hearing.

### III.     RECOMMENDATIONS

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant and RECOMMENDS, based on the original offense and the intervening conduct of the Defendant, that the Defendant's supervised release be REVOKED. The Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. The most serious violation is a Grade C, and the Defendant's criminal history category was a I, resulting in an (advisory) guideline range of to months of 3 to 9 months of imprisonment. Having considered all of the above, and particularly the fact that the defendant has completed over four years of supervision without revocation, but also noting the new criminal charge, the undersigned RECOMMENDS that the Defendant be sentenced to 10 months of imprisonment, with no supervised release to follow.

### IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the fourteen day period in which they may file of objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*). Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it.

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is

directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 9th day of January, 2013.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE